The Honorable Marvin E. Smith State Representative, 50th District 123 N.E. 82nd Street Topeka, Kansas 66617
Dear Representative Smith:
As state representative for the fiftieth district, you request our opinion regarding the propriety of the exemption of the sheriff's budget from K.S.A. 1990 Supp. 79-5022 et seq. Such exemption was proposed by the Jackson county board of county commissioners in charter resolution no. 6. A pertinent part of Jackson county charter resolution no. 6 provides:
 "Section 1. The County of Jackson, by the power vested in it by K.S.A. 19-101a and as provided by K.S.A. 1993 Supp. 79-5036(b), hereby elects to exempt itself from the provisions of K.S.A. 1993 Supp. 79-5028. K.S.A. 1993 Supp. 79-5028 is part of an enactment commonly known as the Kansas property tax lid law, which enactment applies to this county but does not apply uniformly to all counties.
 "Section 2. The following is hereby added to the provisions of K.S.A. 1993 Supp. 79-5028. (f) The direct and indirect costs of providing law enforcement."
Your specific questions are as follows:
 "1. Was it proper for the county commissioners to list the entire budget as being out from under the tax lid; or should the amount listed as out from under the lid have been limited to that amount exceeding the sheriff's budget in the base years of 1988 and 1989?
 "2. Would it have been proper for the county commissioners to draw the new sheriff's budget entirely from property taxes when it had previously been funded only one-third by property taxes with the remaining two-thirds funded by the general fund?"
You first question the propriety of the county commissioners' listing of the entire sheriff's budget out from under the tax lid in its August 25, 1994 publication of the county's 1995 budget.
K.S.A. 1993 Supp. 79-5022(b) provides as follows:
 "[N]o county . . . shall certify to the county clerk of the county any tax levies upon tangible property, excluding levies specified in K.S.A. 79-5028, and amendments thereto, which in the aggregate will produce an amount in excess of the amount which was levied by such taxing subdivision in the base year." (Emphasis added).
By virtue of the underscored language, certain levies are not to be considered when determining the lid amount. Further, K.S.A. 1993 Supp. 79-5036(b) clearly authorizes the county to exempt itself from all or part of the tax lid, thereby allowing the county to exclude additional levies when determining the lid amount.
The county commissioners sought to exclude the sheriff's budget from the tax lid pursuant to K.S.A. 1993 Supp. 79-5028 which in part states that:
 "The provisions of K.S.A. 79-5021 to 79-5036, inclusive, and amendments thereto, shall not apply to or limit the levy of taxes for the payment of . . . [listed levies]" (Emphasis added).
Charter resolution no. 6, as proposed by the county commission, attempted to add to the list of exempted levies in K.S.A. 1993 Supp. 79-5028 the following: "(f) the direct and indirect costs of providing law enforcement." K.S.A. 1993 Supp. 79-5028 specifically provides that:
 "Amounts produced from any taxes levied for purposes specified in this section shall not be used in computing any aggregate limitation under the provisions of this act." (Emphasis added).
You inform us that there are some concerns regarding what exactly is the exempt amount intended by the charter resolution; whether only the amount exceeding the sheriff's budget in the base year should be out of the tax lid or whether the entire amount of the sheriff's budget is excluded. It appears that a different version of charter resolution no. 6 was used in earlier discussions. That versioin read, "(f) expenses incurred for sheriff's department in excess of the expenses budgeted for 1989 which were financed, in part, by the base year (1988) levy." We understand that confusion arose out of these two different versions of the resolutions. However, the adopted and published charter resolution that you provided to us exempted the entire sheriff's budget from the tax lid. In our opinion, this was a proper exercise of the county's authority.
Your second question is once the sheriff's budget is out from under the tax lid, whether it would be proper to fund the sheriff's budget solely by property taxes rather than by a combination of both general fund and personal property revenues. The answer turns on the same language of K.S.A. 1993 Supp. 79-5022 and K.S.A. 1993 Supp. 79-5028. The statutes as written allow the county to finance the exempted portion entirely from property taxes. While not specifically addressing the issue, because the original intent of the tax lid was to avoid an increase in property taxes, an exemption implies that the county that properly exempts itself is not limited by the original purpose for the lid.
Furthermore, because the statute is silent on the matter and because 79-5036(b) provides that the exempted portion is not to be used in computing the aggregate, there is no foundation for an argument that the sheriff's budget should be financed by the same percentage of property taxes outside the lid as it was under the lid. Therefore, once the sheriff's budget is out from under the tax lid, there is nothing in K.S.A. 79-5021 et seq. that dictates how it is to be funded. We note, however, that fund levy limits in place prior to enactment of the aggregate levy limit may be revived pursuant to the exemption from the aggregate levy.
In sum, the county commissioners acted properly in preparing the sheriff's budget of 1995. It was not improper to list the entire budget out from under the tax lid, nor would it have been improper to finance the sheriff's budget solely by property taxes.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas